**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 8MINUTE SOLAR HOLDINGS LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>VIRGINIA TRANSFORMER CORP., )<br><br>Defendant. )<br><br>AND RELATED CROSS-CLAIMS ) | Case No. 1:25-CV-07837-KPF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential" – Attorneys' Eyes Only" pursuant to this Order, no person subject to this

1

Order may disclose such "Confidential" Discovery Material to anyone else except as expressly permitted hereunder:

**Designation of Materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"**

2.      The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as "Confidential" or Highly "Confidential" – Attorneys' Eyes Only" only the portion of such material that it reasonably and in good faith believes consists of:

(a)     previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sale margins, tax returns and sales tax returns);

(b)     previously non-disclosed material relating to ownership or control of any non-public company;

(c)     previously non-disclosed agreements with competitors of the Parties which provide that such agreements and their contents are confidential;

(d)     previously non-disclosed, business records, business plans, product-development information, insurance policies or marketing plans;

(e)     any information of a personal or intimate nature regarding any individual; or

(f)     any other category of information given confidential status by this Court after the date of this Order.

3.      With respect to the "Confidential" or Highly "Confidential" – Attorneys Eyes Only" portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.    A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material either by: (a) indicating on the record during the deposition that a question calls for "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as ""Confidential" Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated ""Confidential"," or "Highly Confidential – Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only.".

5.    If at any time before the termination of this action a Producing Party realizes that it should have designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only". In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the

3

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation within two business days of providing such notice.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

**Confidentiality of Information Shared Among the Parties**

7.      Where a Producing Party has designated Discovery Material as "Confidential", other persons subject to this Order may disclose such information only to the following persons:

(a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)      counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)      outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(e)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided, if such person does not fit within one of the other listed categories, such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)    this Court, including any appellate court, its support personnel, and court reporters.

8.    Where a Producing Party has designated Discovery Material as "Highly Confidential – Attorneys' Eyes Only", other persons subject to this Order may disclose such information only to the following persons:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the court and its personnel;

(d)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9.     Before disclosing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material to any person referred to in subparagraphs 7(f), 7(g), 8(a), 8(b), or 8(d) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing and Service of Documents**

10.     This Order binds the Parties and certain others to treat as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only".

11.    In filing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 9(B) and 9(C) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall electronically file an unredacted copy of the "Confidential Court Submission under seal to ECF, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 9(B) and 9(C) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material under seal must file a letter motion seeking leave to file the redacted or sealed documents, explaining the purpose of the redactions or the sealing of such documents. To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Any Party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper

**Challenges to Designations or Additional Restrictions**

12.    Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds

of the objection or request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with 2.C.ii of Judge Katherine Polk Failla's Individual Rules of Practice in Civil Cases, dated January 3, 2025.

**Use of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Materials**

13. Recipients of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters shall follow Section 9 of Judge Katherine Polk Failla's Individual Rules of Practice in Civil Cases, dated January 3, 2025, as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. The Parties shall use their best efforts to minimize such sealing.

**Privileged Information and Inadvertent Production of Privileged Information**

16.     If a Party discloses information in connection with the pending Litigation that the Party thereafter claims to be means protected by the attorney-client privilege, the work- product doctrine or protection, or any other applicable privilege, protection, or immunity from discovery that otherwise would apply in this or any other action, arbitration, mediation, or court or agency proceeding (hereinafter referred to as "Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection of any kind that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

17.     Upon discovery of the inadvertent production of Privileged Information, the producing Party must promptly notify the receiving Party in writing that it has disclosed the Privileged Information without intending a waiver by the disclosure. The notification shall include as specific an explanation as possible why the Privileged Information is covered by the attorney-client privilege and/or any other applicable privilege and/or constitutes work-product. Upon such notification, the receiving Party must—unless it contests the claim of attorney-client privilege or other privilege or protection—promptly notify the producing Party that it will take reasonable efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has.

18.     If the receiving Party contests the claim of attorney-client privilege or other privilege or protection, the receiving Party must move the Court for an Order finding that the material referenced in the notification does not constitute Privileged Information. The Party shall request to file this Motion under seal. The Motion cannot assert the fact or circumstance of the

disclosure as a ground for determining that the material does not constitute Privileged Information. Pending resolution of the Motion, the receiving Party must not use the challenged information in any way or disclose it to any person other than those required to be served with a copy of the sealed Motion.

19.    A receiving Party is under a good-faith obligation to notify the producing Party upon identification of a document which reasonably appears on its face or in light of facts known to the receiving Party to be potentially privileged. Such notification shall not waive the receiving Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. Failure by the receiving Party to notify the producing Party under this subsection where the receiving Party did not know and should not reasonably have known that the document was inadvertently produced shall not be a violation of this Protective Order. Subsequent to notification by the receiving Party, the producing Party shall provide notice to the receiving Party within a reasonable time of notification if the producing Party believes the document to be Privileged Information.

20.    The producing Party retains the burden—upon challenge pursuant to Paragraph 17—of establishing the privileged or protected nature of the Privileged Information.

21.    Nothing in this Protective Order limits the right of any party to petition the Court for an in camera review of the Privileged Information.

22.    The Parties anticipate that certain information might be produced in connection with the claims and defenses raised by this action that might otherwise constitute Privileged Information. Any such Privileged Information may be produced pursuant to the terms of this Protective Order and, pursuant to Federal Rule of Evidence 502(d), such production shall not

constitute a waiver of any privilege or protection of the Privileged Information in connection with this or any other federal or state proceeding.

**General Provisions**

23.    Each person who has access to Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

24.    Within 60 days of the final disposition of this action—including all appeals— to the extent reasonably practicable, all recipients of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material must either return it including all copies thereof to the Producing Party, or shall use reasonably practicable steps to destroy such material— including all copies thereof. Reasonably practicable steps to accomplish this will not be deemed to extend to the search, destruction, and/or alteration of computer media (recognizing that when material is "deleted" from computer media it may still be forensically recoverable until overwritten) or to the search, deletion, or alteration of backup media retained by any recipient for disaster recovery purposes. To the extent that a party, its counsel, experts, and/or consultants need to retain "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material for legitimate, ordinary course of business reasons, it may do so, but the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material shall remain subject to this Order.

25.    This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material is produced or disclosed.

26.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

/s/ Erick C. Howard
Dated:  January 16, 2026

Erick C. Howard
Felicia A. Draper
SHARTSIS FRIESE LLP
425 Market Street, Eleventh Floor
San Francisco, CA  94105-2496
ehoward@sflaw.com
fdraper@sflaw.com
(415) 421-6500

Paul D. Sarkozi
Carl Regerlmann
Mohammed Alam
TANNENBAUM HELPERN
  SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
sarkozi@thsh.com
regelmann@thsh.com
malam@thsh.com
(212) 508-6700

*Attorneys for Plaintiff and Counter-*
*Defendant 8minute Solar Holdings LLC*

/s/ Mark D. Shifton
Dated:  January 16, 2026

Mark D. Shifton
GFELLER LAURIE LLP
101 College Road East, Second Floor
Princeton, New Jersey 08540
mshifton@gllawgroup.com

(609) 776-3100

*Attorneys for Defendant and Counterclaim*
*Plaintiff Virginia Transformer Corp.*

## DECLARATION OF FELICIA A. DRAPER

I, FELICIA A. DRAPER, am the ECF User whose ID and password are being used to file this STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER.  I hereby attest that I have the concurrence of the signatory above indicated by a "conformed" signature (/s/) within this e-filed document.

DATED:  January 16, 2026                /s/ Felicia A. Draper
                                        FELICIA A. DRAPER

12

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated:    January 21, 2026
          New York, New York

_____
  HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

**Exhibit A to Stipulated "Confidentiality" Agreement and Protective Order**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| 8MINUTE SOLAR HOLDINGS LLC, | ) | Case No. 1:25-CV-07837-KPF |
| Plaintiff, | ) | |
| v. | ) | **NON-DISCLOSURE AGREEMENT** |
| VIRGINIA TRANSFORMER CORP., | ) | |
| Defendant. | ) | |
| AND RELATED CROSS-CLAIMS | ) | |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only". I agree that I will not disclose such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date:

1

10815598